**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                                              Case No. _97-cr-109-01-PB

<u>Manuel Depena</u>

**O R D E R**

    Defendant moves to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 137).  For the reasons stated below, the motion to reduce sentence is DENIED.

    On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine.  Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances.  This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  The defendant pled guilty to a three count Indictment charging him with, <u>inter alia</u>, two counts of Distribution of Cocaine and Cocaine Base, in violation of 21 U.S.C. § 841(a)(1).  The presentence report (using the November 1, 1997 edition of the Guideline Manual) determined the defendant was responsible for 60.47 grams of cocaine base which resulted in a base offense level of 32.  After applying a three level reduction for acceptance of responsibility, the defendant's total offense level was determined to be 32.  Pursuant to USSG §4B1.1, the defendant was determined to be a career offender, which resulted in his

offense level being increased to level 37 (because the maximum statutory penalty was life), which was then reduced to a total offense level of 34 (after applying a three level reduction for acceptance of responsibility).  The defendant's criminal history was determined to be VI and his advisory guideline range to be 262 to 327 months.  At sentencing, the court adopted the facts and findings in the presentence report sentenced the defendant to 168 months imprisonment and 5 years of supervised release.

   The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  After applying the retroactive application of the crack cocaine amendment, the defendant receives a two level reduction in his initial base offense level from level 32 to level 30.  However, there is no reduction in his total offense level because he was deemed to be a career offender.  Therefore, pursuant to USSG §1B1.10(a)(2)(B), the retroactive amendment does not have the effect of lowering the defendant's imprisonment guideline range.

Therefore, for the foregoing reasons, defendant's motion to reduce sentence (document no. 137) is DENIED.

**SO ORDERED.**


Date: April 24, 2008          /s/ Paul J. Barbadoro
                             Paul J. Barbadoro
                             United States District Judge


cc:  Manuel Depena, pro se
     Counsel of Record